No. 25-4312

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

PEDRO VASQUEZ PERDOMO, *et al.*,

*Plaintiffs-Appellees*,

vs.

KRISTI NOEM, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court for the Central
District of California, Case No. 2:25-cv-05605-MEMF-SP
The Hon. Maame Ewusi-Mensah Frimpong

PLAINTIFFS-APPELLEES' OPPOSITION TO ADMINISTRATIVE STAY

Mohammad K. Tajsar
Eva Bitrán
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5200

Anne Lai
UC IRVINE IMMIGRANT AND RACIAL
JUSTICE SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-9894

Mark Rosenbaum
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977

*Counsel for Plaintiffs-Appellees*

## OPPOSITION TO ADMINISTRATIVE STAY

The court below considered a "mountain of evidence" that Defendants likely are engaged in a pattern and practice of detaining people in the Central District of California during "roving" immigration patrols without reasonable suspicion that the person to be seized is unlawfully present in the United States. Order at 2, 50. The court gave Defendants nearly a week to provide contrary evidence, at their request. The court considered all the evidence and entered a temporary and limited order to stop Defendants' unconstitutional practice. *Id*. at 50.

Contrary to Defendants' unsupported attorney argument, the order plainly allows Defendants to continue enforcing the immigration laws, including by engaging in targeted enforcement and voluntary questioning of persons present in certain locations. But it properly prohibits Defendants from relying ***solely*** on four factors to deprive people of their liberty, which this Circuit has repeatedly held cannot suffice for reasonable suspicion: apparent race or ethnicity; Spanish language or accent; location; and occupation. *Id*. at 42–46, 50; *see Perez Cruz v. Barr*, 926 F.3d 1128, 1138 (9th Cir. 2019); *United States v. Manzo-Jurado*, 457 F.3d 928, 936–37 (9th Cir. 2006); *United States v. Montero-Camargo*, 208 F.3d 1122, 1135 (9th Cir. 2000). The order expressly allows Defendants to consider these factors "***as permitted by law***." Order at 51 (emphasis added).

1

Applying the well-established law of this Circuit, the district court made the factual determination that Defendants are "indeed conducting roving patrols without reasonable suspicion," Order at 2, and that Plaintiffs and their thousands of members in this District would be irreparably harmed absent preliminary relief, *id*. at 46. The district court noted that Defendants failed to provide any evidence "at all" about any one of Plaintiffs' stops, relying instead on declarations about agency policy that were "entirely too general" to justify these seizures. *Id*. at 41.

The district court correctly distinguished *Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Relying on this Court's decisions in *LaDuke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir. 1985), and *Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012), the court correctly held that exposure to a pattern and practice of violating the Fourth Amendment confers standing to seek prospective injunctive relief. *See id*. The court then correctly found, "based on the evidence," that Defendants have a practice of violating the Fourth Amendment. *Id*. at 45 n.33. And contrary to Defendants' suggestion (Mot. at 8), the district court also correctly found on the basis of the evidence that *Plaintiffs* have been harmed by that unconstitutional practice, and that *Plaintiffs* and their members risk irreparable harm from being subjected to that practice in the future. *Id*. at 46. Because Plaintiffs established "a 'credible threat' of recurrent injury," they had standing to seek injunctive relief. *LaDuke*, 762 F.2d at 1323.

2

Consistent with Supreme Court and Circuit precedent, the district court also determined that an injunction tailored to stops in the Central District was needed "to provide complete relief to" **Plaintiffs**. Order at 36. The district court credited Plaintiffs' evidence establishing a district-wide pattern of suspicionless stops by agents engaged in "roving" immigration patrols. *See id*. at 2, 37–41. As the court explained, "it would be a fantasy to expect that law enforcement could and would inquire whether a given individual was among the named Stop/Arrest Plaintiffs . . . before proceeding with a seizure." *Id.* at 36.

Finally, Defendants failed to offer *any evidence* that they would suffer any harm whatsoever from the temporary order, and the court rejected their position that adherence to the Constitution causes them cognizable harm. Order at 47–48. Accordingly, the court granted Plaintiffs' "modest request" for temporary relief pending a hearing on a motion for preliminary injunction. *Id*. at 2.

Defendants now seek the extraordinary relief of a stay pending appeal of the court's order and an administrative stay pending resolution of the stay motion.[1] Plaintiffs oppose the request for an administrative stay, which is inappropriate in

---

[1] The motion is also procedurally improper. Defendants made a perfunctory request at oral argument for a 7-day stay solely to give the Solicitor General time to consider whether to appeal. Order at 52, n.37. That "motion" did not comply with the Federal Rules, which required Defendants to "state with particularity the grounds for" the order, FRCP 7(b)(1)(B); and it therefore could not satisfy Defendants' obligations under FRAP 8(a)(1)(C) to first move for a stay in the district court.

"the absence of a sufficient exigency to justify changing the status quo." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). Defendants identified no harm to themselves before the district court. Order at 47. They still have not.

Nor could they. If Defendants are *not* engaging in a pattern of unlawful detentive stops predicated solely on the four factors the injunction forbids—as they sometimes claim, Order at 40—then they should have no difficulty obeying its terms while this Court considers their stay request. If they *are*—as the district court found, *see, e.g.*, *id.* (declaration of patrol agent "seems to confirm that he and his colleagues are relying solely on these factors")—then the order is necessary and they suffer no cognizable harm from being temporarily enjoined from conduct the Constitution does not permit. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (an agency "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations").

The Court should deny Defendants' request for an administrative stay. If the Court grants the request, Plaintiffs request that the Court set an expedited briefing schedule on Defendants' request for a stay pending appeal. *See United States v. Texas*, 144 S. Ct. 797, 799 (2024) (Barrett, J., concurring) (an "administrative stay should last no longer than necessary"). Plaintiffs request that their opposition be due July 16 at 12:00 p.m. and any reply due July 17 at 12:00 p.m.

Respectfully submitted,

4

DATED: July 14, 2025                    ACLU OF SOUTHERN CALIFORNIA


                                        By:    */s/ Mohammad Tajsar*
                                               Mohammad Tajsar
                                               *Counsel for Plaintiffs-Appellees*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the ACMS system and provided a courtesy copy via email to counsel of record for the Defendants-Appellants.

DATED: July 14, 2025    ACLU OF SOUTHERN CALIFORNIA

By: */s/ Mohammad Tajsar*
Mohammad Tajsar
*Counsel for Plaintiffs-Appellees*

6