# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 25-4312

**Case Name** Pedro Vasquez Perdomo, et al. v. Kristi Noem, et al.

**Counsel submitting this form** Jonathan K. Ross, counsel for Appellants

**Represented party/parties** Secretary Kristi Noem, et al.

*Briefly describe the dispute that gave rise to this lawsuit.*

Defendants do not believe this case is a candidate for the Court's mediation program.

This case originated as a habeas petition filed by three individuals in immigration detention. However, the litigation quickly evolved beyond the detention context. Plaintiffs amended their complaint to add new individual and organizational parties and asserted systemic constitutional claims targeting federal immigration enforcement activities throughout the Central District of California.

The central focus of Plaintiffs' claims is that officers with the U.S. Department of Homeland Security (DHS), including U.S. Immigration and Customs Enforcement (ICE), allegedly engage in detentive stops of aliens without sufficient constitutional justification. Plaintiffs filed an ex parte application for a district-wide temporary restraining order (TRO), which the district court granted. The result is a sweeping injunction that substantially restricts DHS enforcement discretion and imposes judicial oversight on field-level immigration activities.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                          Rev. 09/01/22

1

*Briefly describe the result below and the main issues on appeal.*

The district court entered a TRO that enjoins all DHS officers, including those with ICE, from conducting detentive stops in the Central District of California unless they can satisfy a newly formulated reasonable suspicion standard that categorically excludes reliance on common contextual indicators such as ethnicity, Spanish language use, and location near certain types of worksites. The injunction extends to all individuals within the district, not just the named Plaintiffs, and applies across all enforcement operations regardless of case-specific facts. The district court found standing based solely on a single plaintiff's past encounter with DHS, without any concrete finding that he or any other named plaintiff faces a real and imminent threat of future injury. The government opposed entry of the TRO and sought a stay pending appeal, which the district court denied.

On appeal, the government argues that the injunction is legally unsupportable for several independent reasons: (1) Plaintiffs lack standing for prospective injunctive relief; (2) the district court misapplied Fourth Amendment doctrine by attempting to rigidly exclude certain factors that may be relevant under the totality-of-the-circumstances analysis required by precedent; and (3) the order violates equitable limits on federal injunctive power by enjoining government conduct district-wide, in contravention of the Supreme Court precedent.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

This appeal challenges the district court's TRO, which has the practical effect of a preliminary injunction. As a result, the district court lacks jurisdiction to proceed with preliminary-injunction briefing on the Fourth and Fifth Amendment claims addressed in the order. Defendants moved to vacate the associated schedule.

Other matters not implicated by the appeal remain ongoing, including intervention and general case management. Although Plaintiffs included class allegations in their amended complaint, they have not yet sought certification. No related appellate or administrative proceedings are pending.

**Signature** /s/ Jonathan K. Ross    **Date** July 21, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                                                                      Rev. 09/01/22

2