

|  |  |
|---|---|
| | **U.S. Department of Justice** |
| | Civil Division |
| YMR:TD:SS;jkr | Office of Immigration Litigation |
| 39-12C-63488 | |
| | *Washington, D.C. 20530* |

July 30, 2025

**<u>Via ACMS</u>**
The Honorable Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1256

     Re:     *Vasquez Perdomo, et al. v. Noem, et al.*, No. 25-4312
                Oral argument heard on July 28, 2025, in San Francisco, CA

     Before:  Circuit Judges Gould, Berzon, and Sung

Dear Ms. Dwyer:

     In response to the Court's inquiry at oral argument, DHS has confirmed that neither ICE leadership nor its field offices have been directed to meet any numerical quota or target for arrests, detentions, removals, field encounters, or any other operational activities that ICE or its components undertake in the course of enforcing federal immigration law.

     Plaintiffs' allegation that the government maintains a policy mandating 3,000 arrests per day appears to originate from media reports quoting a White House advisor who described that figure as a "goal" that the Administration was "looking to set."[1] That quotation may have been accurate, but no such goal has been set as a matter of policy, and no such directive has been issued to or by DHS or ICE.

     To be sure, enforcement of federal immigration law is a top priority for DHS, ICE, and the Administration. But the government conducts its enforcement activities

---

[1] *ICE shakes up leadership amid push for 3,000 migrant arrests per day*, N.Y. Post (May 29, 2025), https://nypost.com/2025/05/29/us-news/ice-shakes-up-leadership-amid-push-for-3000-migrant-arrests-per-day.

*Vasquez Perdomo, et al. v. Noem, et al.*, No. 25-4312
Page 2

based on individualized assessments, available resources, and evolving operational priorities—not volume metrics. Enforcement activity is firmly anchored in binding legal constraints—constitutional, statutory, and regulatory requirements that apply at every stage, from identification to arrest to custody—with multiple layers of supervisory review to ensure compliance with the law. This framework, not anonymous reports in the newspapers, governs ICE's operations.

The inaccurate impression left by Plaintiffs' submissions on this point is another illustration of why the district court grievously erred by issuing a sweeping injunction restraining the operations of multiple law-enforcement agencies on a plainly inadequate evidentiary record and without giving the government a meaningful opportunity to respond to the serious but unsubstantiated allegations leveled against it. This Court should stay that order pending appeal.

Respectfully submitted,

*/s/ Yaakov M. Roth*
Yaakov M. Roth
Principal Deputy Assistant Attorney General

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this letter contains 293 words, excluding the parts exempted by Rule 32(f). Therefore, this letter complies with the word limit set forth in Federal Rule of Appellate Procedure 28(j).

Respectfully submitted,

*/s/ Yaakov M. Roth*
Yaakov M. Roth
Principal Deputy Assistant Attorney General

*Counsel for Defendants-Appellants*