

**Southern California**

**VIA ACMS**

Molly C. Dwyer
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

July 31, 2025

RE:     *Vasquez Perdomo v. Noem*, 25-4312 (motion for stay argued on July 28, 2025)
Response to Docket Entry 47 (Rule 28(j) Letter re: Arrest Quota)

Dear Ms. Dwyer:

Defendants' 28(j) letter does not undermine the TRO.

First, the record evidence undermines the credibility of Defendants' claim that no quota exists. The record contains extensive news reporting that the administration has such a numerical "quota," DE 47 n.1; *see* Dkt.45 n.1, and that on May 21, Stephen Miller and Defendant Kristi Noem pressed in a meeting with ICE leadership for at least 3,000 arrests per day, Dkt.45 nn.1, 27, 48, 52. As Defendants conceded at argument here (at 27:05), and as the reporting alludes to, Dkt.81 n.18, such a quota increases the risk of constitutional violations.

Second, Defendants' carefully worded letter does not negate an arrest quota. Even if neither ICE leadership nor its field offices "have been directed to meet" a quota, Ltr. 1, the evidence shows that agents have been pressured to hit arrest targets, Dkt.45 nn.52-53, 56. Those actions can heavily influence agents' and officers' conduct. Indeed, the article cited in Defendants' letter quotes an ICE statement acknowledging the agency's aim of "increasing operational tempo" and Stephen Miller, a senior White House official, as saying that "President Trump is going to keep pushing to get th[e] number" of arrests "higher each and every single day." Dkt.45 n.1.

Third, the district court's finding of an officially sanctioned practice of suspicionless detentive stops does not depend on whether there is a quota. The court looked to evidence of roving patrols, of declarants' experiences of suspicionless stops by those patrols, and of numerous "statements suggesting approval or authorization" of unlawful activity—all "pointing to a high likelihood that the conduct will continue." Order 35. Even absent quotas, those findings support the TRO.

Page 2

Fourth, Defendants' procedural complaint lacks merit. Defendants invoked this Court's jurisdiction on the ground that a rigorous adversarial process preceded the TRO. Defendants also had the amount of time *they requested* to oppose the TRO motion, Dkt.51, and plenty of time to dispute the existence of an arrest quota—but did not do so. They remain free to submit evidence regarding the quota, or any other subject, at the preliminary-injunction stage.

Sincerely yours,

Mohammad Tajsar

Page 3

## CERTIFICATE OF COMPLIANCE

    This letter complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body contains 344 words.

/s/ *Mohammad Tajsar*
Mohammad Tajsar
