IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Pedro Vasquez Perdomo, et al.,

    *Plaintiffs-Appellees*,

v.

Kristi Noem, et al.,

    *Defendants-Appellants*.

Case No. 25-4312

**PLAINTIFFS-APPELLEES' MOTION TO HOLD APPEAL IN ABEYANCE OR, IN THE ALTERNATIVE, FOR A FURTHER EXTENSION OF 60 DAYS**

Pursuant to Federal Rule of Appellate Procedure 27(b) and for the reasons set forth below, Plaintiffs-Appellees respectfully request that the Court hold this appeal in abeyance pending contemplated further proceedings at the District Court in response to the Supreme Court's recent grant of the government's stay application which may moot a significant portion of this appeal. *See Noem v. Vasquez Perdomo*, 606 U.S., 2025 WL 2585637, at *1 (2025). In the alternative, Plaintiffs-Appellees request a further extension of sixty days to file their merits brief. Defendants-Appellants oppose this motion.

This Court's power to hold a proceeding in abeyance "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v.*

1

*N. Am. Co.*, 299 U.S. 248 254 (1936).  A court's decision to abate a matter is appropriate when it promotes "economy of time and effort for itself, for counsel, and for litigants."  *Id.*; *see Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008).

    Abeyance is appropriate here for those very reasons.  In light of the Supreme Court's decision to stay the Fourth Amendment TRO, the plaintiffs who are pursuing Fourth Amendment claims in this case (the "Fourth Amendment Plaintiffs") will propose to the district court that the upcoming hearing on their motion for a preliminary injunction on their Fourth Amendment claim currently set for September 24, 2025, be reset to a later date.[1]  Incidental to their request to postpone the preliminary-injunction proceedings, and in light of the Supreme Court's decision on the stay application, the Fourth Amendment Plaintiffs will also request that the district court dissolve (or indicate that it would dissolve) its Fourth Amendment TRO.  Termination of the Fourth Amendment TRO will render the government's appeal at least partially moot and obviate the need for further briefing in this appeal on the Fourth Amendment issues.  *See University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981) (expiration of injunction rendered appeal of injunction moot).

---

[1] The separate preliminary-injunction hearing on the Fifth Amendment issues is currently scheduled to proceed on September 24.

Under those circumstances, the most efficient path forward—one that both promotes judicial economy and saves the parties' resources—is for the Court to hold these proceedings in abeyance until the district court has ruled on the Fourth Amendment Plaintiffs' request, at which point Plaintiffs-Appellees will file a status report with the Court and suggest a path for future proceedings. Otherwise, the Fourth Amendment Plaintiffs could be forced to file a merits brief in this Court covering issues that soon will no longer be part of the appeal.

Abeyance will not prejudice the government. The Fourth Amendment TRO is presently stayed and inoperable through not only the disposition of this appeal by this Court but also through the Supreme Court's final judgment in any timely filed petition for a writ of certiorari. In the interim, there is no urgency for the government in resolving the Fourth Amendment issues presented by their appeal.

Likewise, there is no urgency for the government to resolve the Fifth Amendment issues in their appeal. The government has not sought a stay of the Fifth Amendment TRO and barely raised the Fifth Amendment issues in its opening brief.[2]

---

[2] To the extent the Court would prefer that the Fifth Amendment issues in this appeal proceed at this juncture, the Court could order that the appeal proceed *only* as to the Fifth Amendment issues, while holding the Fourth Amendment issues in abeyance. But that course of action could result in burdening the Court and the parties with multiple briefs from Plaintiffs-Appellees, which is highly inefficient.

Plaintiffs-Appellees are prepared to provide a status report to the Court within seven days of the district court's ruling on their request and, in that report, will advise the Court whether Defendants' appeal of the Fourth Amendment TRO is moot and will make a proposal for the procedure to be followed to dispose of whatever is left of this appeal.

In the alternative, if the Court does not wish to hold the appeal in abeyance, Plaintiffs-Appellees respectfully request a further extension of 60 days to file their merits brief. An extension of that length should be sufficient to obtain a ruling from the district court on dissolution of the Fourth Amendment TRO as well as to gain greater certainty about the schedule for proceedings in the district court that could moot the Fifth Amendment TRO (e.g., issuance of a preliminary injunction).

Defendants have indicated that one basis for opposing this motion is because Plaintiffs-Appellees previously opposed Defendants' request for a 30-day extension of time to file their opening brief on the merits in this Court. But the circumstances surrounding Defendants' extension request could not be more different. Defendants appealed the Fourth Amendment TRO and moved to stay that order on the grounds that the order created an emergency warranting immediate judicial intervention. Defendants then asked to delay the supposedly emergent proceedings by a full month. By contrast, Plaintiffs-Appellees' motion acknowledges that the TRO has now been stayed and will be inoperable for the

4

foreseeable future, and asks that the Court defer ruling on that order because such a deferral is the most efficient path forward for the Court and the parties at this juncture.

## CONCLUSION

The Court should hold this appeal in abeyance, conditioned on Plaintiffs-Appellees' filing of a status report within seven days of a ruling by the district court on the Fourth Amendment Plaintiffs' request to dissolve the TRO. In the alternative, this Court should grant Plaintiffs-Appellees a further extension of sixty days to file their merits brief.

DATED: September 15, 2025    Respectfully submitted,

/s/ Elaine J. Goldenberg
Elaine J. Goldenberg

Mark Rosenbaum
Rebecca Brown
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977

Jeremy S. Kreisberg
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100
Elaine.Goldenberg@mto.com

*Counsel for Plaintiffs-Appellees*

Matthew J. Craig
Mack E. Jenkins
HECKER FINK LLP
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Telephone: (212) 763-0883

Jacob S. Kreilkamp
Sara H. Worth
Henry D. Shreffler
Paul E. Martin
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Fl.
Los Angeles, CA 90071
Telephone: (213) 683-9100

*Counsel for Fifth Amendment Plaintiffs-Appellees*

Mohammad K. Tajsar
Eva Bitrán
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5200

Anne Lai
UC IRVINE IMMIGRANT AND RACIAL JUSTICE SOLIDARITY CLINIC
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-9894

*Counsel for Fourth Amendment Plaintiffs-Appellees*

6

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 942 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

DATED: September 15, 2025

*/s/ Elaine J. Goldenberg*
Elaine J. Goldenberg
*Counsel for Fourth Amendment Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I electronically filed the foregoing document with the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all parties or their counsel of record are registered as ACMS Filers and that they will be served by the ACMS system.

DATED:  September 15, 2025         */s/ Elaine J. Goldenberg*
                                   Elaine J. Goldenberg
                                   *Counsel for Fourth Amendment*
                                   *Plaintiffs-Appellees*