No. 25-4312

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PEDRO VASQUEZ PERDOMO, et al.,

Plaintiffs-Appellees,

v.

KRISTI NOEM, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:25-cv-5605-MEMF-SP

## DEFENDANTS-APPELLANTS' OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE OR FURTHER EXTENSION

## INTRODUCTION

Plaintiffs' transparent attempt to evade the Supreme Court's stay order is as flawed as it is flagrant. The Supreme Court held that Defendants are likely to succeed on the merits of their legal arguments, suffer irreparable harms, and that the equities weighed in Defendants' favor. *Noem v. Perdomo*, 606 U.S.___, 2025 WL 2585637 (U.S. Sept. 8, 2025). In doing so, the Supreme Court resolved what the status quo should be while this case is adjudicated. That holding is binding even for "like cases"—let alone

1

the *very same case*. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Yet, Plaintiffs are brazenly seeking an identical preliminary injunction on the same issues before the district court. Their only argument for why this Court should not proceed expeditiously to resolve this appeal appears to be that they think the district court can evade the Supreme Court's order by dissolving the injunction and seeing if discovery leads to a more fulsome record. It cannot. The stay was based on dispositive legal arguments regarding standing and the standard for reasonable suspicion. Discovery cannot change that. The district court's proceedings should be stayed pending this appeal, not the other way around.

Plaintiffs secured this sweeping injunction with nothing more than media clips and a series of declarations by individuals who speculated on why they were detained. Now they must defend it. Plaintiffs cannot be permitted to shift from urging that this appeal must proceed expeditiously to slamming the breaks in order to seek a do-over to circumvent the Supreme Court. In light of the Supreme Court's Stay Order and to best serve the parties' interests, to preserve the parties' and judicial resources, and to promote judicial efficiency and expediency, this Court should deny Plaintiffs' abeyance and extension requests and order them to file their brief immediately.

**ARGUMENT**

**I. The Supreme Court's Stay Precludes the District Court from Issuing a New Preliminary Injunction.**

The Supreme Court has specifically resolved the question of whether the government can continue its enforcement actions that seek to address the sheer number of illegal aliens in this country and particularly in the Los Angeles area while this case is adjudicated. *See Noem v. Perdomo*, 606 U.S.___, 2025 WL 2585637 (U.S. Sept. 8, 2025); *see also DHS v. D.V.D.*, 145 S. Ct. 2627, 2629 (2025) (holding compliance is "unenforceable given our stay of the underlying injunction"). There is thus no basis for the district court to issue another injunction and no reason to stay an appeal on the merits. Instead, the district court should stay its proceedings pending the resolution of this appeal. That is the only sensible way to proceed.

Plaintiffs argue that abeyance is efficient because they will seek to dissolve the injunction and this Court should wait "until the district court has ruled on the Fourth Amendment Plaintiffs' request" for another injunction. Mot. at 2-3. But Plaintiffs do not explain how the district court can simply dissolve its stayed injunction and then issue a new preliminary injunction on the same Fourth Amendment claims seeking the same relief. As the district court order shows, the Fourth Amendment claims addressed in the TRO are identical to the ones at issue in the preliminary-injunction proceedings. ECF No. 87 at 51-52 (ordering the Government to show cause why a preliminary injunction should not be granted on the same Fourth Amendment issues). Plaintiffs'

3

claims also remain identical to those in their TRO and they seek an injunction nearly identical in scope to the one the district court already granted. Indeed, they have expressly asked the district court to "convert the [July 11, 2025] TRO into a preliminary injunction." ECF No. 128 at 1. And their supplemental preliminary injunction motion simply argues that there is evidence that additional stops after the injunction only relied on the prohibited factors. *See, e.g.,* ECF No. 163-8 ¶ 14 (noting arrests "appear[] to have been based on factors outlined as an invalid basis for detention"). So there is no basis for the district court to enter another injunction, which is the only reason Plaintiffs seek a stay in this Court.

Doing so would clearly violate the Supreme Court's Stay Order. In staying the district court's injunction, the Supreme Court necessarily held that Defendants are likely to succeed on the merits of its appeal, would suffer irreparable harm, and the equities weigh in Defendants' favor. *See Perdomo*, 2025 WL 2585637, at *2-5 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (providing the stay standard)). The flipside is that Plaintiffs cannot obtain a preliminary injunction because they are not likely to succeed on the merits nor do the equities balance in their favor. *Nken*, 556 U.S. at 434 ("There is substantial overlap between these and the factors governing preliminary injunctions."). The Supreme Court has made clear that its stay decisions "squarely control[]" in "like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). This is not merely a "like case[]," *id.*, but rather the very same case, same issues, and same relief. So even

if the district court could dissolve its injunction, it would have no legal basis to issue an injunction, especially without staying it.

Though not clearly explained to this Court, Plaintiffs have suggested that they will seek discovery on policies, training, and individual stops. Even so, factual developments would not allow Plaintiffs or the district court to evade the Supreme Court's order. Plaintiffs sought and secured a sweeping injunction based on a limited record of media articles and declarations about how various individuals felt about their stops. Defendants did not have time to contest these issues on the facts, so Defendants sought a stay on the law based on a lack of standing to seek injunctive relief and on the reasonable suspicion standard. It is on these legal grounds that the Supreme Court granted Defendants' stay request. Additional discovery into whether certain stops only relied on the four prohibited factors would therefore change nothing. The Supreme Court has made clear that a prospective injunction categorically prohibiting reliance on certain factors is legally untenable. *See Perdomo*, 2025 WL 2585637, at *1-5 (Kavanaugh, J., concurring). Thus, there is no basis for the district court to allow intrusive discovery into the merits of this case. Continuing the current course before the district court (and, as Plaintiffs would like, to hold the appeal in abeyance) would violate the Supreme Court's Stay Order, risk inconsistent rulings, and waste judicial and party resources.

## II. Abeyance Would be Inefficient

Plaintiffs also argue that an abeyance would be efficient and that Defendants would not be prejudiced. Mot. at 3. The opposite is true. Plaintiffs' requested discovery

5

and additional briefing, hearing, and decision would take a long time. In the meantime, this Court could resolve dispositive issues of law in light of the Supreme Court's order. The Supreme Court could then have a chance to fully weigh in on the issue and eliminate the need for further proceedings.

In addition, holding the appeal in abeyance would mean that Defendants are stuck with a Fifth Amendment injunction they believe is unlawful until a separate issue is relitigated by the district court. That is clearly prejudicial. This gives Plaintiffs' game away. They want to moot the Fourth Amendment injunction because the Supreme Court stayed it, so they seek a do-over. As to the Fifth Amendment, Plaintiffs do not seem concerned about resolving that portion of the appeal or rushing to dissolve it, Mot. at 3, as there is no stay and they are happy to hold that appeal in abeyance.

Seemingly acknowledging this issue, Plaintiffs drop a footnote that this Court could proceed separately on the Fifth Amendment issues. Mot. at 3, n.2. But such piecemeal litigation would be completely inefficient. Defendants have already briefed both issues and both are teed up for the Court to decide together. In any event, the re-litigation of the Fourth Amendment prejudices Defendants as well, as it will likely involve intrusive discovery and another round of appeals after Defendants have already secured a stay and filed an opening brief. Plaintiffs request is neither efficient nor harmless; it is gamesmanship to avoid the Supreme Court's stay while keeping their Fifth Amendment injunction indefinitely. This Court should not countenance such tactics.

6

### III. Plaintiffs' Extension Request is Unwarranted.

Finally, for the reasons stated above, Plaintiffs' extension request to allow for district court proceedings to continue is unwarranted. Indeed, Plaintiffs rejected Defendants' modest request for a *seven-day* extension in this appeal, arguing that "expeditious resolution of the appeal is . . . important" despite the fact that, absent a stay, the injunction would remain in place. Dkt. 53.1. This Court ultimately denied Defendants' extension request, Dkt. 57, implying time is of the essence even for the merits appeal.

When Plaintiffs requested a similar extension the day their response brief was due to analyze the Supreme Court's order, Defendants agreed despite Plaintiffs' reciprocal refusal to extend them a seven-day extension earlier and the fact that the local rules require a motion for an extension to be filed "at least 7 days before" the brief is due. Ninth Circuit Local Rules 31-2.2(b).

Rather than file a response at all, Plaintiffs request a complete stay or significant extension. Again, Plaintiffs do so on the same day their brief is due in violation of the rules. Ninth Circuit Local Rules 31-2.2(b). Second extensions, and especially lengthy ones, are "disfavored." *Id.* That should especially be true here given Plaintiffs previous stance on the need for expediency, their underlying reasons for seeking a stay or extension, and their blatant gamesmanship to evade the Supreme Court's stay. This appeal needs to proceed in a timely manner, and the district court may not proceed with hearing a new preliminary injunction until this appeal is decided. For that reason, this

Court should deny Plaintiffs' requested extension and require them to immediately file their response brief.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to hold the appeal in abeyance and request for an extension. Instead, it should order that Plaintiffs' answering brief be filed forthwith.

//

8

Dated: September 17, 2025            Respectfully submitted,

BRETT A. SHUMATE
  *Acting Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney
    General*

DREW C. ENSIGN
  *Deputy Assistant Attorney General*

TIBERIUS DAVIS
SEAN SKEDZIELEWSKI
  *Counsel to the Assistant Attorney General*

JONATHAN K. ROSS
*Senior Litigation Counsel*

STEPHANIE L. GROFF
JACOB A. BASHYROV
ANIELLO DESIMONE
*Trial Attorneys*

 *s/ Jason K. Zubata*
JASON K. ZUBATA
  *Trial Attorney*
  Office of Immigration Litigation
  Civil Division
  U.S. Department of Justice
  Washington, DC 20530
  (202) 532-4143
  Jason.k.zubata@usdoj.gov

9

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Ninth Circuit Rules 32-3 and 27-1(1)(d) because it contains 1,674 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Garamond 14-point font, a proportionally spaced typeface.

*s/ Jason K. Zubata*
JASON K. ZUBATA
*Trial Attorney*
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20530
Tel. (202) 532-4143

## CERTIFICATE OF SERVICE

I hereby certify that, on September 16, 2025, I electronically filed the foregoing docketing statement with the Clerk of the Court by using the Appellate Case Management System. I further certify that the participants in the case are ACMS users and that service will be accomplished by using the ACMS system.

                                              *s/ Jason K. Zubata*
JASON K. ZUBATA
   *Trial Attorney*
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20530
Tel. (202) 532-4143