

TD:SS;jkr
39-12C-63488

**U.S. Department of Justice**

Civil Division

Office of Immigration Litigation

*Washington, D.C. 20530*

October 10, 2025

**Via ACMS**
The Honorable Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1256

       Re:       *Vasquez Perdomo, et al. v. Noem, et al.*, No. 25-4312
       Before:  Circuit Judges Gould, Berzon, and Sung

Dear Ms. Dwyer:

      Defendants respectfully notify the Court of the Supreme Court's recent decision in *Noem v. National TPS Alliance*, No. 25A326 (U.S. Oct. 3, 2025) ("*TPS*"). There, the Supreme Court stayed a district court's final judgment after previously staying materially identical preliminary relief.

      In *TPS*, the district court entered a preliminary injunction, and the Ninth Circuit denied a stay. *Nat'l TPS All. v. Noem*, 773 F. Supp. 3d 807, 814 (N.D. Cal.), aff'd, 150 F.4th 1000 (9th Cir. 2025). The Supreme Court subsequently stayed that injunction 8-1. *Noem v. Nat'l TPS All.*, 145 S. Ct. 2728 (2025). After the district court later entered final judgment and a new injunction, the Ninth Circuit again denied a stay, reasoning that the earlier Supreme Court stay was "preliminary and unreasoned." *Nat'l TPS All. v. Noem*, 2025 WL 2661556, at *3 (9th Cir. Sept. 17, 2025). Plaintiffs in this case cited that opinion to argue that, despite this Court's stay, the district court may develop the record and issue renewed interim relief. ECF 213.

      Shortly after Plaintiffs made that argument, the Supreme Court again intervened, staying the *TPS* final injunction and explaining that "[a]lthough the posture of the case has changed, the parties' legal arguments and relative harms generally have not. The same result that we reached in May is appropriate here." *Nat'l TPS All.*, 2025 WL

*Vasquez Perdomo, et al. v. Noem, et al.*, No. 25-4312
Page 2

2812732, at *1. Thus, even a new record or posture does not justify reissuing functionally identical relief where the legal issues remain the same.

That reasoning applies directly here. Plaintiffs asked the district court to dissolve an inoperative TRO and to re-enter the preliminary injunction the Supreme Court already stayed—seeking to relitigate the same issues and, through discovery, to rebuild the same record. *TPS* confirms that where the controlling legal issues and equities are unchanged, differences in posture do not warrant reinstating stayed relief. *See Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *Nken v. Holder*, 556 U.S. 418, 434 (2009). Consistent with *TPS*, the Supreme Court's stay controls, and Plaintiffs' renewed efforts before the district court should not proceed while the appeal remains pending.

Respectfully submitted,

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7662
Email: Jonathan.K.Ross@usdoj.gov

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this letter contains 348 words, excluding the parts exempted by Rule 32(f). Therefore, this letter complies with the word limit set forth in Federal Rule of Appellate Procedure 28(j).

Respectfully submitted,

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice

*Counsel for Defendants-Appellants*