MUNGER, TOLLES & OLSON LLP

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

———

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

———

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

October 16, 2025

Writer's Direct Contact
(202) 220-1114
(213) 683-4012 FAX
Elaine.Goldenberg@mto.com

**VIA ACMS**

The Honorable Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, California 94103

Re:  *Vasquez Perdomo v. Noem*, No. 25-4312, on appeal from the United States District Court for the Central District of California, before Gould, Berzon, Sung, JJ.

Dear Ms. Dwyer:

Plaintiffs-Appellees respectfully submit this letter in response to Defendants-Appellants' 28(j) letter concerning *Noem v. National TPS Alliance*, No. 25A326 (S. Ct.) ("*NTPSA*").

The government's letter is mystifying. It appears to suggest that this Court halt the preliminary-injunction proceedings that are ongoing in the district court. But a 28(j) letter cannot request such affirmative relief, and only the TRO is at issue in this appeal. Moreover, this Court has previously recognized that the district court retains jurisdiction to conduct the preliminary-injunction proceedings. *See Vasquez Perdomo v. Noem*, 148 F.4th 656, 690 (9th Cir. 2025).

MUNGER, TOLLES & OLSON LLP

The Honorable Molly C. Dwyer, Clerk of Court
October 16, 2025
Page 2

In any event, *NTPSA* has no relevance. First, it is not relevant to the preliminary-injunction proceedings (which, again, are not before this Court). *NTPSA* stayed a final judgment where the Supreme Court had previously stayed preliminary relief and "the parties' legal arguments and relative harms generally ha[d] not" changed. But it is impossible to tell if the legal arguments and harms will stay the same here, and there is good reason to think that they will not. Plaintiffs-Appellees have already augmented the factual record in the district court and have sought leave to conduct discovery that will likely yield further pertinent facts and may affect legal arguments, including as to issues the government raised before the Supreme Court. *See* ECF 220, at 6 (denying stay in light of efforts to supplement record). Thus, any preliminary injunction will have to be assessed in light of facts that are different from the ones in the record at the time of the stay proceedings.

Second, *NTPSA* is not relevant to the TRO appeal that *is* before this Court. The district court has indicated under Rule 62.1 that it would dissolve the TRO as to Fourth Amendment issues, and Plaintiffs-Appellees will shortly ask this Court to remand for that purpose under Rule 12.1. That will render the appeal moot as to the Fourth Amendment issues—which are the *only* issues the Supreme Court addressed in its stay ruling. Thus, there will be no need for this Court to consider the effect of that ruling on the merits of this appeal.

Respectfully submitted,

*/s/ Elaine J. Goldenberg*

Elaine J. Goldenberg

EJG